# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

UNITED STATES OF AMERICA,

      Plaintiff,               :       Case No. 1:07-cr-090

                                    Chief Judge Susan J. Dlott
      -vs-                             Magistrate Judge Michael R. Merz

                              :

TIMOTHY ALLEN LANGER,

      Defendant.

## REPORT AND RECOMMENDATIONS

This case is before the Court on Defendant's Motion to Vacate pursuant to 28 U.S.C. § 2255 (Doc. No. 58). The case has been referred to the undersigned Magistrate Judge by Chief Judge Dlott (Doc. No. 60).

Rule 4(b) of the Rules Governing § 2255 Motions provides that "[i]f it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party."

The record in this case shows that Defendant pled guilty on June 23, 2008, to Counts 1 and 2 of the Indictment charging him with one count of armed bank robbery and one count of using and carrying a firearm during and in relation to a crime of violence (Plea Agreement, Doc. No. 42, ¶ 1.) In the Plea Agreement he acknowledged the truth of the attached statement of facts. *Id.* ¶ 8. Thereafter Defendant was sentenced on September 25, 2008, to the term of imprisonment he is now serving (Minute Entry and Judgment, Doc. Nos. 53, 54). As he acknowledges in his Motion, Defendant took no direct appeal until he filed a Notice of Appeal June 3, 2011 (Doc. No. 57).

Defendant pleads three grounds for relief:

> **Ground One:** I was under duress at the time the confession was given. I have extreme mental problems and was not in my right mind. I was also not on my medication.
>
> **Ground Two:** I was threatened by the police into signing a confession. They threatened me as well as my family.
>
> **Ground Three:** I had an ineffective counsel.

(Motion, Doc. No. 58, 279.)

Upon initial review, the Magistrate Judge concludes the Motion should be dismissed with prejudice for the reasons set forth in the balance of this Report.

First of all, the Motion is barred by the applicable statute of limitations. §905 of the Antiterrorism and Effective Death Penalty Act of 1996 (Pub. L. No 104-132, 110 Stat. 1214) amended 28 U.S.C. §2255 to add the following:

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of --
>
> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

Because Defendant did not appeal, his judgment became final ten days after judgment was entered.

Fed. R. App. P. 4(b)(1)(A).[1]  With the exclusion of intervening Saturdays and Sundays which was part of the Rule at the time, Defendant's time to appeal expired and his judgment of conviction became final on October 10, 2008.  He did not sign the instant Motion until June 22, 2011, well over two years later.  Thus his Motion is barred by the statute of limitations and must be dismissed with prejudice.

Alternatively, his first two claims are barred by his procedural default in not presenting them on direct appeal.  Because they are claims which could have been presented on direct appeal and cannot now be heard because the time for appeal has expired, they are barred from any merits consideration.  *United States v. Frady*, 456 U.S. 152 (1982).

Finally, Defendant's claims are barred by his guilty plea.  However involuntary his confession may have been, Defendant pleaded guilty in open court when he was not under any duress and told the Court he was pleading guilty of his own free will.  Where a district court has scrupulously followed the required procedure under Fed. R. Crim. P. 11, "the defendant is bound by his statements in response to that court's inquiry." *Baker v. United States*, 781 F.2d 85, 90 (6th Cir. 1986), quoting *Moore v. Estelle*, 526 F.2d 690 (5th Cir. 1976).  By entering a plea of guilty, the accused is not simply stating that he did the discrete acts described in the indictment; he is admitting guilt of a substantive crime.  *United States v. Broce*, 488 U.S. 563, 570 (1989); *McCarthy v. United States*, 394 U.S. 459, 466 (1969).  A guilty plea renders irrelevant those constitutional violations not logically inconsistent with the valid establishment of factual guilt.  *Menna v. New York,* 423 U.S. 61 (1975).  A guilty plea constitutes a break in the chain of events leading up to it.  *Tollett v. Henderson*, 411 U.S. 258 (1973).  Federal habeas corpus review of claims raised by a petitioner who has entered a guilty plea is limited to "the nature of the advice and the voluntariness of the plea, not

---

[1] The amendment of this Rule to set the appeal deadline at fourteen days did not become effective until December 1, 2009, after Defendant's judgment became final.

the existence as such of an antecedent constitutional infirmity." *Tollett*, 411 U.S. at 266. In other words, having appeared in open court and pled guilty with the appropriate safeguards under Fed. R. Crim. P. 11, a defendant cannot later raise and litigate some constitutional violation – such as a coerced confession – which happened earlier in the process.

In accordance with the foregoing analysis, the Motion should be dismissed with prejudice. Because reasonable jurists would not disagree with this conclusion, Defendant should be denied a certificate of appealability and leave to appeal *in forma pauperis*.

June 28, 2011.

                    s/ **Michael R. Merz**
                     United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(e), this period is automatically extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(B), (C), or (D) and may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F. 2d 947 (6th Cir., 1981); *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985).