# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT CINCINNATI

UNITED STATES OF AMERICA,

        Plaintiff,     :     Case No. 1:07-cr-00090

                           District Judge Susan J. Dlott
- vs -                          Magistrate Judge Michael R. Merz

TIMOTHY ALLEN LANGER,

        Defendant.     :

---

## REPORT AND RECOMMENDATIONS; DENIAL OF RECUSAL

---

This criminal case is before the Court on Defendant's for Leave to Appeal *in forma pauperis* (ECF No. 77) and Motion for Appointment of Counsel (ECF No. 79), both in connection with Defendant's Notice of Appeal (ECF No. 78) from his conviction in this case (Judgment entered September 26, 2008, ECF No. 54).

Defendant's Motions should be denied for the following reasons. First of all, Defendant already appealed from his conviction (ECF No. 57) and the Sixth Circuit dismissed that appeal. (Case No. 11-3620; Entry of June 9, 2011). Federal law does not allow a second appeal from a criminal conviction.

Second, the Notice of Appeal is grossly untimely. Federal law allows fourteen days for appeal in a criminal case. Fed. R. App. P. 4(b).

1

The only reason Defendant gives for appealing now is his claim that the undersigned is disqualified from sitting in this case because of a conflict of interest, to wit, an alleged relationship to Mark and Theresa Mertz of Hamilton, Ohio.  Because I am allegedly the uncle of Mark[1], Defendant asserts I should have "renounced" myself when I was assigned the 2255 proceeding in this matter.

I was assigned to consider Defendant's Motion to Vacate under 28 U.S.C. § 2255 by Judge Dlott June 28, 2011 (ECF No. 60).  I promptly filed a Report recommending that Motion be denied (ECF No. 61).  Defendant never objected and Judge Dlott dismissed the Motion to Vacate, denied a certificate of appealability, and recommended that the circuit court deny any motion to appeal *in forma pauperis* on August 8, 2011 (ECF No. 62).  Langer did not appeal and his time to do so expired October 7, 2011.  Fed. R. App. P. 4(a)(1)(B).

Although Langer's time to appeal from either judgment has long since expired, I recognize that disqualification of a judge who presided can provide a basis for setting aside a judgment under Fed.R.Civ.P.  60(b)(6).  *Liljeberg v. Health Services Acquisition Corp.*, 486 U.S. 847 (1988).  To avoid that possibility, I advise the Court and the parties that I am not related to Mark or Theresa Mertz.  The only living persons with that last name to whom I am related are my sons and two of my grandchildren.  The surname "Merz" is quite common in Germany.  Indeed the present Chancellor of Germany is Friedrich Merz, to whom I am also not related.  Because a terminal "z" in German is pronounced as if it were "tz," many German immigrants changed the spelling; my immigrant ancestors did not.  I am not disqualified by any conflict of interest from sitting in this case.

---

[1] Assuming they are a married couple and Theresa took Mark's last name when marrying him.

If Langer's argument is that having a judge with the same last name as the persons with whom he resides creates an "appearance of impropriety," the Court should reject that argument out of hand. People who hold such an opinion would likely accept any number of the nonsensical conspiracy theories circulating in the country today to gravely ill effect.

**Conclusion**

The Magistrate Judge declines to recuse himself and respectfully recommends that Defendant's Motions for Appointment of Counsel and to Appeal *in forma pauperis* should be denied.

July 3, 2025.

s/ *Michael R. Merz*
United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Because this document is being served by mail, three days are added under Fed.R.Civ.P. 6, but service is complete when the document is mailed, not when it is received.  Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. A party may respond to another party's objections within fourteen days after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal. #